UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-22189-CIV-SEITZ/O'SULLIVAN

CULTIVOS YADRAN S.A., a foreign corporation,

        Plaintiff,

vs.

AMADO RODRIGUEZ, COSTCO
WHOLESALE CORPORATION, *et al*

        Defendants.
_____/

TRUE NATURE SEAFOOD, LLC, a Florida
limited liability company,

        Counterclaim Plaintiff,

v.

CULTIVOS YADRAN S.A., a foreign corporation,

        Counterclaim Defendant,

v.

FELIPE BRIONES

        Third Party Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Strike Portion of Errata Sheet to Transcript of Deposition of Gonzalo Acevedo Taken January 12, 2009 (DE# 102, 3/12/09). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Portion of Errata Sheet to Transcript of Deposition of Gonzalo Acevedo Taken January 12, 2009 (DE# 102, 3/12/09) is **DENIED** for the reasons stated herein.

## BACKGROUND

On January 12, 2009, the parties deposed Gonzalo Acevedo in Miami, Florida. Mr. Acevedo is a former employee of the plaintiff. At the conclusion of the deposition, Mr. Acevedo elected to review the transcript of his testimony. On or about February 10, 2009, Mr. Acevedo executed an errata sheet making 17 changes to his deposition testimony. On March 12, 2009, the plaintiff filed the instant motion seeking to strike portions of Mr. Acevedo's errata sheet. See Plaintiff's Motion to Strike Portion of Errata Sheet to Transcript of Deposition of Gonzalo Acevedo Taken January 12, 2009 (DE# 102, 3/12/09). The defendants, True Nature Seafood, LLC, Amado Rodriguez and Alejandro Almeida, filed their response on March 30, 2009. See [Response] of Defendants True Nature Seafood, LLC, Amado Rodriguez and Alejandro Almeida to Plaintiff's Motion to Strike Portion of Errata Sheet to Transcript of Deposition of Gonzalo Acevedo Taken January 12, 2009 (DE# 108, 3/30/09). The plaintiff filed its reply on April 9, 2009. This matter is ripe for the Court's consideration.

## ANALYSIS

The plaintiff seeks to have portions of Mr. Acevedo's errata sheet stricken because it "make[s] substantive changes that materially alter [Mr. Acevedo's] deposition testimony." See Plaintiff's Motion to Strike Portion of Errata Sheet to Transcript of Deposition of Gonzalo Acevedo Taken January 12, 2009 (DE# 102 at 3, 3/12/09). Rule 30 (e)(1) of the Federal Rules of Civil Procedure provides that:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

> (A) to review the transcript or recording; and
>
> (B) if there are **changes in form or substance**, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1) (emphasis added). The plain language of Rule 30(e) contemplates "changes in form or substance." Id. Nonetheless, the plaintiff asks the Court to adopt a narrow reading of this rule.

The plaintiff acknowledges that the Eleventh Circuit has not directly addressed the issue of whether substantive changes can readily be made to deposition testimony or whether the deponent needs to show that there was confusion about particular questions. The plaintiff urges the Court to follow a narrow construction of Rule 30(e). Courts adopting the narrow approach have determined that the purpose of 30(e) is to permit only the correction of typographical or transcriptional errors. These courts reason that:

> The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

Greenway v. Int'l Paper Co., 144 F. R. D. 322, 325 (W.D. La. 1992); see also Hambleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F. 3d 1217, 1225 (9th Cir. 2005) (holding that "Rule 30(e) is to be used for corrective, and not contradictory, changes."); Thorn v. Sundstrand Aerospace Corp., 207 F. 3d 383, 389 (7th Cir. 2000) (finding that "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription").

Other courts have interpreted Rule 30(e) broadly finding that a deponent may make substantive changes to a deposition. In Lugtig v. Thomas, 89 F. R. D. 639, 641 (N.D. Ill. 1981), the district court observed that:

> The language of . . . Rule [30(e)] places no limitations on the type of changes that may be made by a witness before signing his deposition. Allen & Co. v. Occidental Petroleum Corp., 49 F.R.D. at 340, nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes. Allowing a witness to change his deposition before trial eliminates the likelihood of deviations from the original deposition in his testimony at trial; reducing surprises at the trial through the use of Rule 30(e) is an efficient procedure.

See also Podell v. Citicorp. Diners Club, Inc., 112 F. 3d 98, 103 (2d Cir. 1997) (noting that the language of Rule 30(e) does not place limits on the types of changes that a deponent can make to deposition testimony); Foutz v. Town of Vinton, 211 F.R.D. 293, 295 (W.D. Va. 2002) (finding that "the better reasoned decisions interpret [Rule] 30(e) broadly as to allow proposed deposition changes to be admitted into evidence").

The plaintiff suggests that the Eleventh Circuit, when confronted with this issue, will most likely adopt a narrow reading of Rule 30(e)(1). See Plaintiff's Motion to Strike Portion of Errata Sheet to Transcript of Deposition of Gonzalo Acevedo Taken January 12, 2009 (DE# 102 at 11, 3/12/09). The plaintiff relies on Reynolds v. Int.'l Bus. Machines Corp., 320 F. Supp. 2d 1290 (M.D. Fla.), aff'd, 125 Fed. Appx. 982 (11th Cir. 2004). In Reynolds, the district court, in ruling on a motion for summary judgment, disregarded substantive amendments to a deposition transcript where the transcript did not reflect any "obvious confusion" to the deposition question that would justify material changes to the testimony. Id. at 1301.  Reynolds was summarily affirmed by the Eleventh Circuit without an opinion.

Some courts in this Circuit have relied on <u>Reynolds</u> in applying a narrow reading of Rule 30(e). In <u>Chemfree Corp. v. J. Walter, Inc.</u>, No. 1:04-cv-3711-JTC, 2008 WL 5234247, *4 (N. D. Ga. Sept. 30, 2008), the district court, citing <u>Reynolds</u>, struck an errata sheet finding that "[a]bsent some 'obvious confusion,' [the deponent] cannot now decide that the [deposition] questions were confusing in an effort to change his deposition testimony to avoid an unfavorable summary judgment."  Similarly in <u>In re Accutane</u>, the district court struck an errata sheet noting that:

> Rule 30(e) permits a deponent to modify or make corrections to a deposition for form or substance. Fed. R. Civ. P. 30(e). The Eleventh Circuit has not squarely addressed the scope of permissible substantive corrections to a deposition under Rule 30(e). **However, it appears that the law of this Circuit adopts a more narrow approach of Rule 30(e), i.e., prohibiting corrections on errata sheets that alter the substance of the deponent's testimony.** <u>See</u> <u>Amlong & Amlong, P.A. v. Denny's, Inc.</u>, 457 F. 3d 1180, 1220-21 (11th Cir. 2006) (Hill, J., dissenting); <u>Reynolds v. Int'l Business Machines Corp.</u>, 320 F. Supp. 2d 1290, 1300-01 (M.D. Fla.), aff'd, 125 Fed. Appx. 982 (11th Cir. 2004).

<u>In re Accutane Products Liability Litigation</u>, No. 8:04-md-2523-T-30TBM, 2007 WL 1099049, *1 (M.D. Fla. Apr. 10, 2007) (emphasis added).

Other courts in this Circuit have declined to follow <u>Reynolds</u> noting that the Eleventh Circuit's summary affirmance of the district court's opinion is not binding precedent. In <u>Liberty/Sanibel II Limited Partnership v. Gettys Group, Inc.</u>, No. 2:06-cv-16-FTM-29SPC, 2007 WL 1109274, * 1 (M.D. Fla. Apr. 12, 2007), the district court affirmed a magistrate judge's order denying a motion to strike an errata sheet and found that the majority of circuits have adopted a broad interpretation of Rule 30(e). The district court rejected the movant's argument that <u>Reynolds</u> compelled reversal of

the magistrate judge's order:

> First, while the Eleventh Circuit summarily affirmed the district court's order in Reynolds, it did not discuss any particular aspects of the decision. Second, as the [defendant] points out in their response, the Reynolds court did not address striking an errata sheet but rather whether it was proper to disregard it in ruling on a motion for summary judgment. Reynolds v. Int'l Bus. Machines Corp., 320 F. Supp 2d 1290, 1301 (M.D. Fla. 2004). Third, as a non-published opinion Reynolds is not binding precedent. See 11th Cir. R. 36-2.

Id.

The undersigned is persuaded by the majority view interpreting Rule 30(e) broadly. The undersigned notes that the majority view is in line with the plain language of Rule 30(e) which contemplates "changes in form or substance." Fed. R. Civ. P. 30(e)(1)(B). Additionally, and as noted in Reilly v. TXU Corp., 230 F.R.D. 486, 490 (N.D. Tex 2005), the broad interpretation approach "furthers the purpose of the discovery process - to allow the parties to elicit the true facts of a case before trial."

## **CONCLUSION**

Based on the foregoing Plaintiff's Motion to Strike Portion of Errata Sheet to Transcript of Deposition of Gonzalo Acevedo Taken January 12, 2009 (DE# 102, 3/12/09) is **DENIED**.[1]

DONE AND ORDERED in Miami, Florida this **30th** day of April 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
U.S. District Judge Seitz
All Counsel of Record

---

[1] The parties may address the issue of whether the plaintiff should be permitted to reopen Mr. Acevedo's deposition and inquire into the circumstances concerning the errata sheet at the May 4, 2009 informal discovery conference before the undersigned.